**WESTWAYS WORLD TRAVEL, INC.; Sundance Travel Service, an Arizona Partnership, individually and on behalf of others similarly situated, Plaintiffs–Appellants,**

v.

**AMR CORPORATION; American Airlines, Inc.; AMR Eagle Holding Corporation; The Sabre Group Holdings, Inc., Defendants–Appellees.**

No. 05–56603.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 7, 2007.

Filed Jan. 22, 2008.

Berzon, Circuit Judge, filed opinion dissenting in part.

Farley J. Neuman, Esq., Jenkins Goodman & Neuman, San Francisco, CA, Linda S. Platisha, Law Office of Linda S. Platisha, Yorba Linda, CA, Gretchen M. Nelson, Esq., Kreindler and Kreidler LLP, Los Angeles, CA, Dean Browning Webb, for Plaintiffs–Appellants.

Robert P. Berry, Esq., Gibson Dunn & Crutcher, LLP, Los Angeles, CA, Robert E. Cooper, Esq., for Defendants–Appellees.

Before: BERZON and IKUTA, Circuit Judges, and SINGLETON,* Senior District Judge.

* The Honorable James K. Singleton, United States Senior District Judge for the District of

## MEMORANDUM [**]

### 1.

The plaintiffs-appellants ("the Travel Agents") have failed, as a matter of law, to demonstrate the predicate "racketeering activity" necessary to succeed on a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c). While extortion and mail fraud are "racketeering activity" for purposes of RICO, 18 U.S.C. §§ 1961(1), 1962(c); *see Rothman v. Vedder Park Mgmt.*, 912 F.2d 315, 316–18 (9th Cir. 1990), the Travel Agents have not established that acts by any of the defendants-respondents [1] constitute extortion or mail fraud.

■ First, American Airlines' threat to terminate the contracts does not constitute extortion because American Airlines had a contractual right to terminate the contract with the Travel Agents without cause at any time, and the Travel Agents do not allege that American Airlines sought any benefit from its threat other than payment under its interpretation of the contract. *See id.* at 317–18.

■ Second, the Travel Agents have not established that any of the defendants-respondents formed a scheme or artifice to defraud and had the specific intent to deceive or defraud, two elements necessary

to establish a mail fraud. *Schreiber Distrib. Co. v. Serv–Well Furniture Co.*, 806 F.2d 1393, 1399–1400 (9th Cir.1986). Rather, the record reflects that American Airlines communicated its interpretation of the contracts to the Travel Agents and demanded payment pursuant to this interpretation. Such direct communications and demands do not constitute a "scheme or artifice," nor do they evidence a specific intent to defraud. *Id; McEvoy Travel Bureau, Inc. v. Heritage Travel, Inc.*, 904 F.2d 786, 791–92 (1st Cir.1990); *United States v. Kreimer*, 609 F.2d 126, 128 (5th Cir.1980); *see also Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 620–22 (9th Cir. 2004).

Because the Travel Agents cannot maintain a substantive RICO claim, their derivative RICO claims for aiding and abetting, respondeat superior, and conspiracy (claims two through four of the complaint) also fail. We therefore affirm the district court's grant of summary judgment to all the defendants-respondents on all RICO claims.

### 2.

■ The district court erred in granting the defendants-respondents' motions for summary judgment on the state law contract claims. The district court held that

---

Alaska, sitting by designation.

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

[1.] The Travel Agents' complaint named American Airlines, Inc. in seven claims for relief: 1) violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") (first claim); 2) aiding and abetting in RICO activities (second claim); 3) respondeat superior liability for RICO activities (third claim); 4) RICO conspiracy (fourth claim); 5) breach of contract (fifth claim); 6) unjust enrichment (sixth claim); and 7) declaratory and injunctive relief (seventh claim). AMR Eagle Hold-

ing Corporation was named in the second and fourth through seventh claims for relief; AMR Corporation was named in the second, fourth, sixth, and seventh claims for relief; and ARC was named in the fifth through seventh claims for relief. The complaint also named Sabre, Inc. (owner of a computer reservations system) in the second, fourth, sixth, and seventh claims for relief. The district court granted two summary judgment motions; one in favor of all defendants except Sabre, the other for Sabre. In light of our resolution of this appeal, we need not discuss the defendants separately.

the language in the Agent Reporting Agreement ("ARA") requiring the Travel Agents to "comply with all instructions of the carrier" demonstrated the parties' "intent that travel agents must adhere to every instruction given by a carrier, regardless of whether the instruction was specifically issued to them" or to passengers or others. Based on this interpretation, the district court held that the ARA clearly and unambiguously allowed carriers to issue debit memos to the Travel Agents to recoup losses arising out of passengers' itinerary manipulation.

We disagree, because the provision that "[t]he Agent shall comply with all instructions of the carrier" can also be read to require that the Travel Agents comply with instructions issued only to the Travel Agents, and not with instructions issued to others, such as passengers. Because this provision "admits of being understood in more than one way," and because neither party has offered a construction of this provision "that could be deemed so clear that it unambiguously excludes the explanation offered by the opponent," the contract is ambiguous under Virginia law. *Westmoreland–LG & E Partners v. Va. Elec. and Power Co.*, 254 Va. 1, 486 S.E.2d 289, 294–95 (1997) (internal quotation marks omitted). Because the district court must determine the meaning of the contract in light of the parties' intent and there is a genuine issue of material fact as to that intent, summary judgment is inappropriate. *Id.* at 296; *see* Fed.R.Civ.P. 56(c).

Accordingly, we reverse the district court's dismissal of the state contract claims, the claims for unjust enrichment,

and the claims for declaratory and injunctive relief, and we remand for further proceedings on these claims.[2]

■ American Airlines asserts that the district court need not reach the merits of the state law contract claims because such claims are preempted by the Airline Deregulation Act of 1978, which prohibits states from enacting or enforcing any law "related to a price, route, or service of an air carrier." 49 U.S.C. § 41713(b)(1). This argument is meritless. While the Act's "preemption prescription bars state-imposed regulation of air carriers," it does not preempt "court enforcement of contract terms set by the parties themselves." *Am. Airlines, Inc. v. Wolens,* 513 U.S. 219, 222, 115 S.Ct. 817, 130 L.Ed.2d 715 (1995). Accordingly, the Airline Deregulation Act does not preclude the Travel Agents from asserting their claim for breach of contract. *Id.*

### 3.

■ A district court's decision to decertify a class is subject to "very limited review" and will be reversed only upon a "strong showing that the district court's decision was a clear abuse of discretion." *Dukes v. Wal–Mart, Inc.*, 509 F.3d 1168, 1175 (9th Cir.2007)(quoting *Armstrong v. Davis,* 275 F.3d 849, 867 (9th Cir.2001)) (internal quotation marks omitted). As we noted in *Dukes,*

> Rule 23 provides district courts with broad discretion to determine whether a class should be certified, and to revisit that certification throughout the legal proceedings before the court. If later

---

**2.** Because we reverse and remand for further proceedings on the contract claims, we need not resolve the parties' dispute over whether the ARA incorporates American Airlines's Addendum, which purports to obligate the Travel Agents to reimburse the airlines for losses caused by customer itinerary manipulation. Nor need we address whether the debit memos constitute an illegal penalty. The district court may reach these contract-based issues on remand.

evidence disproves Plaintiffs' contentions that common issues predominate, the district court can at that stage modify or decertify the class....

*Id.* at 1176 (internal citations omitted); *see also* Fed.R.Civ.P. 23(c); *Gen. Tel. Co. of Sw. v. Falcon,* 457 U.S. 147, 160, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982). The district court concluded that maintenance of the class action pursuant to Fed.R.Civ.P. 23(b)(3) was inappropriate because the Travel Agents' RICO, contract, and unjust enrichment claims would require individualized inquiries into American Airlines's legal and contractual relationship with each class member, and these individual inquiries would predominate over common questions of law and fact. It further concluded that maintenance of the class pursuant to Fed.R.Civ.P. 23(b)(2) was inappropriate in light of the predominance of the Travel Agents' claims for money damages. *See Molski v. Gleich,* 318 F.3d 937, 950 (9th Cir.2003) (court must evaluate which is the "predominant form of relief sought by the class"). These rulings do not constitute an abuse of the "broad discretion" enjoyed by the district court in its decision whether to decertify the class. *Dukes,* 509 F.3d at 1176.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.

BERZON, Circuit Judge, dissenting in part:

I part ways with the majority only on the decertification issue.

None of the cases relied upon by the majority, nor any others that I have found, address the situation presented here: The "new" information revealed when the defendants moved for decertification was in their possession all along. Defendants offer no explanation for why the contracts were not presented at the time of the initial class certification motion.

Whether a case is likely to proceed as a class or individual action may greatly impact resource allocation decisions made by plaintiffs and their counsel. Of course, as the majority notes, district courts have the discretion to reconsider a prior order certifying a class. But litigants have an obligation to bring forward pertinent information on the class certification question as soon as possible, so as to avoid wasting resources on a case that ultimately will not be treated as a class action. Where this obligation has not been met, the district court, at a minimum, should consider alternative class management options—for example, here, whether subclasses could be created based on each type of contract.

I therefore would remand on the decertification issue for consideration of alternatives to decertification. As the majority does not do so, I respectfully dissent as to the decertification issue only.